IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>ELSIE CATALINA DIAZ AYALA<br>Debtor | CASE NO. 13-07632-MCF13<br><br>CHAPTER 13 |
| RUSHMORE<br>MOVANT<br><br>VS.<br><br>ELSIE CATALINA DIAZ AYALA  AND ALEJANDRO OLIVERAS RIVERA, TRUSTEE<br>RESPONDENT | INDEX<br><br>☒ OF ACTS AGAINST PROPERTY UNDER §362(D)(1) "CAUSE" |

MOTION FOR RELIEF FROM STAY

TO THE HONORABLE COURT:

Comes now secured creditor RUSHMORE LOAN MANAGEMENT SERVICES LLC as servicing agent of Roosevelt Cayman Asset Company (hereinafter Rushmore), represented by the undersigned attorney who respectfully set forth and prays:

1. The Court has jurisdiction over the subject matter pursuant to the provisions of 28 U.S.C. §1334 and 28 U.S.C. §157 (b)(2)(G).

2. This contested matter is brought pursuant to Bankruptcy Rules 9014, 4001 and Title 11 U.S.C. §362 (d)(1) of the Bankruptcy Code.

3. Rushmore is a secured creditor in the above captioned case and the holder in due course of a mortgage note encumbering the following property described in the Spanish language:

"URBANA: Solar radicado en la Urbanización Alturas de Beatriz, sito en el Barrio Beatriz de  Cayey que se describe como sigue: Solar perteneciente al bloque J con el numero 23 según plano de inscripción de la Urbanización Alturas de Beatriz, con una cabida superficial de 300.00 metros cuadrados. En lindes por el Norte, en 12.00 metros, con el solar J-5; por el Sur, en 12.00 metros, con la calle 10; por el Este, en 25.00 metros, con el Lote J-22; y por el Oeste, en 25.00 metros, con el Lote J-24."

Property Number 21,633 is recorded at mobile page of volume 65 of Cayey, Registry of the Property of Puerto Rico, First Caguas.

4. Rushmore is the holder in due course of a mortgage note in the modified sum of $74,399.00 at 7% annually. The indebtedness evidenced is secured by deed number 825 (the "Mortgage"), executed on October 28, 2001 before Notary Public Kendall E. Krans Negron. Attached as **Exhibit 1** is a copy of the Mortgage Note and Deed and as **Exhibit 2** a copy of the Title Study that evidences Rushmore's secured status.

5. On November 14, 2013, Rushmore filed a proof of claim (Claim 3-1) in the amount of $75,152.05, with pre-petition arrears of $14,874.41, for loan ending with numbers 1008, encumbering Debtor's property and, accordingly, it carries a presumption of validity by virtue of F.R.B.P. 3001(f).

6. Since the instant proceeding was filed, Debtor has failed to maintain direct payments to creditor, thus considerably increasing the indebtedness on account of the loan. As of December 10, 2014, three (3) monthly installments $539.84 have accrued. Thus Debtor's account has accumulated post-petition arrears, including late charges and legal fees and costs of **$ 850.00** totaling **$2,469.52**, which has been verified with Rushmore before the filing of this Motion. The attached a verified statement entitles this Honorable Court to grant Rushmore relief from the automatic stay, pursuant to 11 U.S.C. §362 (d)(1). **See Exhibit 3.**

## RELIEF FROM STAY

7. That Section 362(d) of the Bankruptcy Code (the "Code"), 11 U.S.C. § 362(d) (1) provides the cause of action for relief from the automatic stay as requested:

> *"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay*
>
> *(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; ..."*

8. This Honorable Court has statutory discretion to lift the automatic stay if cause is proven. Debtor's failure to adequately protect the interest of the appearing secured creditor is reason enough to provide the requested remedy.

9. As per the facts of the case, Debtor is benefiting from the automatic stay while not protecting the appearing creditor's interest in the collateral. To the date, the records of the Mortgage Department of Rushmore shows that Debtor has failed to comply with post-payments.

The Debtor's failure to comply with the payments due under the mortgage note, results in

the Debtor's material default with the terms of the plan. Said default deprives Movant of having its security interest protected as provided under the Bankruptcy Code.

10. Rushmore has not been offered and does not have adequate protection for the above mentioned security interest. Moreover, the Debtor has failed to make post petition payments as called for under the terms of the plan. Consequently "cause" exists to lift the automatic stay.

11. Movant argues that considering what is here in stated, cause exist for granting relief from stay pursuant to section 362(d)(1) supra.

12. Respondent is the duly-appointed Chapter 13 Trustee.

13. Rushmore has reviewed the file as well as the documents included in the Court's file and to the best of its knowledge information and belief, the Debtor does not belong to the U.S. Armed Forces, the U.S. Coast Guard, the U.S. Public Health Service or the National Oceanic and Atmospheric Administration. A certificate issued by the U.S. Department of Defense, Manpower Data Center as to the Debtor's military status is attached as **Exhibit 4**.

14. Rushmore respectfully requests that if this motion is granted and the stay is lifted in its favor, that an order be entered for the Chapter 13 Trustee to stop disbursements to Rushmore Bank's claim.

WHEREFORE, Movant prays for an Order granting Relief from the Automatic Stay and that an Order be entered for the Chapter 13 Trustee to stop disbursements to Rushmore's claim.

CERTIFICATE OF SERVICE

I herby certify this same date; I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

In San Juan, Puerto Rico, this 16th day of December, 2014.

FIDDLER, GONZALEZ & RODRIGUEZ, PSC
Counsel for Rushmore
P.O. Box 363507
San Juan, PR 00936-3507
Tel. 787-759-3242 / Fax. 787-759-3108

*S/Rosamar García Fontán*
ROSAMAR GARCIA FONTAN
USDC-PR #221004